## APPLICATION OF THE DEFENSE OF NEGLIGENCE OF FELLOW SERVANT.

Circuit Court of Cuyahoga County.

GUISIPPE RUGGIERE v. THE NEWBURGH & SOUTH SHORE RAILWAY COMPANY.

Decided, May 10, 1912.

*Master and Servant—Negligence—Fellow-Servant Defense—Not Abrogated in all Cases by Sections 6242 and 6244, General Code.*

Where one employee of a railroad company who is assisting another employee of the same grade, his fellow-servant, in replacing old ties with new, is struck a blow on the nose and injured by a mallet carelessly swung by such fellow-servant, the defense of fellow-servant may be made by the railroad company in an action brought against it by the injured employee, notwithstanding the provisions of Sections 6242 and 6244, General Code.

*B. D. Nicola,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

NIMAN, J.; POLLOCK, J., and DUSTIN, J. (sitting in place of Judges Winch and Marvin), concur.

This was an action brought by the plaintiff in error in the court of common pleas to recover damages for personal injuries suffered by him while in the employ of the defendant in error.

At the conclusion of the plaintiff's case in the court below, the trial court, on motion of the defendant, directed a verdict in favor of said defendant.

Proper steps were taken by the plaintiff to preserve for reviewing the ruling of the court on the defendant's motion to direct a verdict, and the question presented by this proceeding in error is whether or not the trial court erred in so directing a verdict for the defendant.

The evidence tends to establish the following state of facts:

On the 17th or 18th day of July, 1910, the plaintiff was in the employ of the defendant, and was engaged with others in

repairing certain railroad tracks by removing old wooden ties and replacing them with steel ties. A short time before the accident to the plaintiff occurred, the foreman in charge had directed the plaintiff and three others to go to a certain part of the tracks and proceed with the work of replacing the old ties with the new. After reaching the place designated the men started on their work. The plaintiff and another man, by the name of Melano, worked together on this occasion. Melano used what is termed a "spiking mallet" to drive the steel ties into position while the plaintiff held and placed in the proper place the bolts which fastened the rails to the ties. While the plaintiff was in a stooping position near the end of a tie waiting for Melano to drive it into place so that the bolts could be put through, the spiking mallet, swung by Melano, glanced off the tie or missed it, and struck the plaintiff on the nose, inflicting serious injuries.

It appears, therefore, that Melano was the fellow-servant of the plaintiff and the defendant can not be held liable for the injuries suffered by the plaintiff, unless the relation between Melano and the plaintiff, and the liability of the defendant, have been so modified by Section 6242, P. & A. General Code, or 6244, P. & A. General Code, as to deprive the defendant of the defense of negligence of a fellow-servant.

Section 6242 is as follows:

"That is all actions brought to recover from an employer for personal injuries suffered by his employee or for death resulting to such employee from such personal injuries, while in the employ of such employer, arising from the negligence of such employer or any of such employer's officers, agents, or employees, it shall be held in addition to the liability now existing by law that any person in the employ of such employer, in any way having power or authority in directing or controlling any other emp'oyee of such employer, is not the fellow-servant, but superior to such other employee; any person in the employ of such employer in any way having charge or control of employees in any separate branch or department, shall be held to be the superior and not fellow-servant of all employees in any other branch or department in which they are employed; any person in the employ of such employer whose duty it is to repair or in-

spect the ways, works, boats, wharves, plant, machinery, appliances or tools, in any way connected with or in any way used in the business of the employer or to receive, give or transmit any signal, instruction, or warning to or for· such employees shall be held to be the superior and not fellow-servant to such other employees of such employer."

The evidence discloses no power or authority in any way in Melano to direct or control the plaintiff in the work in which they were both engaged, nor does the evidence bring the case within the other terms of this section. Melano was not a person whose duty it was to inspect or repair the ways, works and other things enumerated in the statute under consideration, or do ·the- other things therein mentioned in such sense as to become the superior to the plaintiff.

The remaining question, therefore, to be decided is whether Section 6244 deprives the defendant, under the facts shown, of the defense of fellow-servant.

Section 6244 provides: ·

"That in all such actions the negligence of a fellow-servant of the employee shall not be a defense where the injury or death was in any way caused or contributed to by any of the following causes, to-wit:   Any defect or unsafe condition in the ways, works, boats, wharves, plant, machinery, appliances or tools, except simple tools, in any way connected with or in any way used in the business of the employer; the negligence of any person engaged as a superintendent, manager, foreman, inspector, repairman, signal man, or any person in any way having charge care or control of such ways, works, boats, wharves, plant, machinery, appliances or tools; the negligence of any person in charge of or directing the particular work in which the employee was engaged at the time of the injury or death; the negligence of any person to whose orders the employee was bound to conform, and by reason of his having conformed thereto the injuries or death resulted; the negligent act of any fellow-servant done in obedience to the immediate or peremptory instructions or orders given by the employer, or any person who has authority to direct the doing of said act; the want of necessary and sufficient rules and regulations for the government of such employees and the operation and maintenance of such ways, works, boats, wharves, plant, machinery, appliances or tools."

It is contended that, on behalf of the plaintiff, Melano was a repairman, because he was engaged at the time of the accident in repairing the track of the defendant, and that since his negligence caused or contributed to the injury of the plaintiff, the defense that the plaintiff was injured by the negligence of a fellow-servant, is not available to the defendant.

We think this contention is not well founded. In our opinion the word "repairman" is used in the statute to designate or describe one who makes repairs, or who is charged with the duty of making repairs upon machinery, tools, appliances or other property of the employer, used by another employee, or other employees in the work done for the employer. The evident purpose of including the term "repairman" in the statute was to protect the employees against the negligence of those who repair the instruments by which such employees perform the duties of their employment, and the places in which they labor. This protection is furnished by depriving the employer of the defense of negligence of a fellow-servant when the negligence of an employee who repairs, or whose duty it is to repair tools, machinery, appliances, or other property of the employer used by another employee, in any way causes or contributes to the injury or death of the latter.

In this case the employee whose negligence caused, or contributed to, the injury of the plaintiff was not a repairman in the sense indicated, and the trial court committed no error in directing a verdict for the defendant at the conclusion of the plaintiff's case.

Although other errors were assigned by the petition in error, nothing in support thereof has been brought to our attention and the judgment of the court of common pleas is affirmed.